UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CURTIS BAXTER, :
    *Plaintiff,* :
: PRISONER
v. : CASE NO. 3:12-cv-1763 (JBA)
:
JOHN BURKE, et al., :
    *Defendants.* :

INITIAL REVIEW ORDER

Plaintiff Curtis Baxter, currently incarcerated at the Niantic Annex in Niantic, Connecticut, has filed a complaint pro se under 42 U.S.C. § 1983. Plaintiff names as defendants Bridgeport Detectives John Burke and John Doe.

Under 28 U.S.C. § 1915A (2000), the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.*

In reviewing a pro se complaint, the Court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555–56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The plaintiff must

plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. But "'[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Plaintiff alleges that he had been released on bond from a previous charge in Bridgeport, Connecticut, and was residing in California. In February 2010, he was arrested on a DUI charge in California. During the booking process, Plaintiff learned that there was an outstanding Connecticut warrant. While serving the California sentence, Plaintiff was told that Connecticut did not want to extradite him. In May 2010, Plaintiff was arrested on the Connecticut warrant. No California law enforcement officer showed Plaintiff the warrant.

Unidentified Connecticut detectives went to California and escorted Plaintiff to Connecticut. He was taken to the Bridgeport, Connecticut, Police Department and arrested a second time. He was not shown or provided a warrant or any documentation authorizing his return to Connecticut. Upon his return he pled guilty to one count of possession of narcotics with intent to sell, one count of criminal possession of a firearm and three counts of failure to appear. *See* www.jud2.ct.gov/crdockets (last visited Jan. 4, 2013). Plaintiff seeks damages for the time he has been separated from his family and for food, clothing and other costs for the 2½ year period.

Plaintiff contends that his extradition was invalid because he was not shown an arrest or extradition warrant. Plaintiff need not be shown a warrant before he can be arrested. Police officers have the authority to arrest an individual even if no warrant exists as long as there is probable cause

to believe that the individual has committed a crime. *See Devenpeck v. Alford,* 543 U.S. 146, 152 (2004) ("In conformity with the rule at common law, a warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed."); *see also Gerstein v. Pugh*, 420 U.S. 103, 111 (1975) ("Thus, while the Court has expressed a preference for the use of arrest warrants when feasible, it has never invalidated an arrest supported by probable cause solely because the officers failed to secure a warrant." (internal citations omitted)); *Marcavage v. City of New York*, 689 F.3d 98, 109 (2d Cir. 2012) ("Plaintiffs were arrested without a warrant. Such an arrest comports with the Fourth Amendment if the officer has probable cause to believe that a criminal offense has been or is being committed." (internal citations and quotation marks omitted)).

As a fugitive, Plaintiff could have challenged his impending extradition by filing a petition for writ of habeas corpus in California. The court there would have determined whether the requisite statutory elements for extradition had been met. *See California v. Superior Court of California*, 482 U.S. 400, 408 (1987). Plaintiff does not allege that he filed a habeas action.

Plaintiff alleges that Defendants, Bridgeport detectives, transported him to Connecticut without following proper extradition procedures. While a violation of the Uniform Extradition Act might give rise to a claim in the asylum state for violation of that state's laws, it does not give rise to a deprivation of federally protected rights. *See Giano v. Martino,* 673 F. Supp. 92, 93–94 (E.D.N.Y.) (even if police officers violated the Uniform Extradition Act, extradited arrestee had no claim under § 1983 for such violation), *aff'd without opinion,* 835 F.2d 1429 (2d Cir. 1987).

Further, to the extent that the complaint may be construed to assert a violation of the federal kidnaping statute, 18 U.S.C. § 1201, it must be dismissed because there is no private right of action under that statute. *See id.* at 95.

The complaint is dismissed pursuant to 28 U.S.C. § 1915A. The Clerk is directed to enter judgment and close this case.

SO ORDERED this 25th day of June 2013, at New Haven, Connecticut.

/s/_____
Janet Bond Arterton
United States District Judge